UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAEVON TERRELL PARKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-01641-HEA |
| STATE OF MISSOURI et al., | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

Raevon Terrell Parker, a self-represented detainee at the St. Louis City Justice Center, brings this case under 42 U.S.C. § 1983 against three state judges, two public defenders, and an assistant circuit attorney for alleged civil rights violations in the handling of his state criminal proceeding. (ECF No. 1). For the reasons set forth below, the Court grants Parker's motion for leave to proceed *in forma pauperis* (ECF No. 2) and dismisses this action under 28 U.S.C. § 1915(e)(2).

**I.      Filing Fee**

Generally, a party must pay a filing fee when initiating any civil action, suit, or proceeding in this Court. 28 U.S.C. § 1914. However, courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis* or "IFP." To obtain IFP status, a non-prisoner litigant must submit an affidavit demonstrating his or her inability to pay the filing fee. *Id*. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different requirements apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their

inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of the preceding month's income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison forwards these payments to the Court whenever the prisoner's account balance exceeds $10. *Id*. Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Parker has not submitted an inmate account statement as required by 28 U.S.C. §1915(a)(2). Nevertheless, having reviewed the information contained in his motion, the Court assesses an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Parker is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

**II.    Legal Standard**

Because Parker is proceeding IFP in this matter, the Court must review his complaint under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-

represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### III.   Background

Parker is a pretrial detainee awaiting mental evaluation. He sues Judges Calea Stovall-Reid, Catherine Anne Dierker, and Annette Llewellyn; Public Defenders Brendan Kottenstette and

Chelsea Leigh Harris; and Assistant Circuit Attorney Andrew Russek, each in their individual capacities.

Parker states that on September 30, 2023, he was arrested and charged with two counts of first-degree assault and two counts of armed criminal action. He claims that officers shot him twice during the arrest. Parker alleges that Kottenstette and Harris rendered ineffective assistance of counsel during the subsequent criminal proceeding, and that Russek obstructed justice by withholding video evidence. Parker also states that Judges Stovall-Reid, Dierker, and Llewellyn violated his due process rights "by involving civil proceeding with criminal proceedings with no convictions."

In the "Injury" section of his form complaint, Parker states that his gunshot wounds resulted in decreased lung capacity and mobility. For relief, he seeks the dismissal of all criminal charges, the return of his confiscated weapons, $5 million in compensatory damages, and an unspecified amount in punitive damages.

### IV.   Discussion

#### A.   Judicial Immunity

Parker alleges that three state court judges violated his due process rights. But judges are entitled to immunity from suit for damages, even when accused of acting with malice or bad faith. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018). A litigant can overcome this immunity only for nonjudicial actions, or actions taken in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Parker's allegations implicate neither exception. And while a litigant may seek injunctive relief against a judicial officer for an act or omission taken in the judge's judicial capacity, such relief is only available if the judge violates a declaratory decree or declaratory relief was unavailable. 42 U.S.C. § 1983. Again, Parker's allegations implicate

neither scenario. Accordingly, the Court finds that Judges Stovall-Reid, Dierker, and Llewellyn are entitled to absolute judicial immunity. The Court therefore dismisses Parker's claims against these defendants under 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.     Prosecutorial Immunity

Parker alleges that Assistant Circuit Attorney Russek withheld exculpatory evidence. Prosecutors, however, are entitled to immunity from suit for damages arising from actions "intimately associated with the judicial phase of the criminal process[.]" *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Supreme Court has explicitly held that such actions include the "professional evaluation of evidence" and "appropriate preparation for its presentation at trial[.]" *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Because Parker's claims against Russek relate to actions intimately associated with the judicial phase of the criminal process, the Court finds that Russek is entitled to prosecutorial immunity and dismisses Parker's claims against him under 28 U.S.C. § 1915(e)(2)(B)(iii).

### C.     Public Defenders and State Action

Parker alleges that his appointed counsel was ineffective. Section 1983 provides a private cause of action against individuals who, acting under color of state law, deprive another of a right secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. But a public defender does not act "under color of state law" when performing a lawyer's traditional functions as counsel for a criminal defendant. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Therefore, the Court dismisses Parker's claims against Kottenstette and Harris for failure to state a plausible claim to relief under 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.     Improper Relief

Parker also seeks the dismissal of his state criminal charges and the return of his seized property. But when a state prisoner challenges the fact or duration of confinement, the exclusive federal remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Moreover, under *Younger v. Harris*, 401 U.S. 37, 44, 49–50 (1971), federal courts must abstain from interfering with ongoing state criminal proceedings absent a showing of bad faith, harassment, or other extraordinary circumstances. Parkers alleges no facts suggesting such circumstances. Accordingly, the Court dismisses these claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim to relief.

### V.     Conclusion

For the foregoing reasons, the Court grants Parker's motion to proceed *in forma pauperis* and dismisses this action under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Raevon Terrell Parker's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Parker shall, **within 30 days of the date of this order**, pay an initial partial filing fee of $1.00. He shall make the remittance payable to "Clerk, United States District Court," and include: (1) his name, (2) his prison registration number, (3) the case number, and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2).

A separate Order of Dismissal accompanies this Opinion, Memorandum and Order.

Dated this 12th day of September, 2025.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE